## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**CHASE NEILL,**

     **Plaintiff,**

     **v.**                              **CASE NO.  23-3149-JAR**

**SARAH GODINEZ, et al.,**

     **Defendants.**

### <u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>

Plaintiff Chase Neill is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se action as a "Complaint for a Civil Case Alleging Negligence." (Doc. 1, at 1.)  Plaintiff is incarcerated at USP-Leavenworth in Leavenworth, Kansas.  The Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3).

Plaintiff alleges that on March 8, 2019, the defendants were negligent in performing Plaintiff's competency examination in Douglas County Case No. 2019-CR-171.  (Doc. 1, at 5.) Plaintiff claims that the "negligently-conducted-and-reported competency examination" undermined his ability to present evidence in his federal Case No. 2022-CR-40037, and resulted in his unjust and unconstitutional conviction.  *Id*. at 9.  Plaintiff states that "for statute of limitations purposes, the discovery of the effect of the negligence tolls from 17–19 January 2023." *Id*.  Plaintiff signed his Complaint on June 15, 2023. *Id*. at 12.

Plaintiff names as defendants: Sarah Godinez, Psychologist; and the Bert Nash Community Mental Health Center.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Statute of Limitations

The statute of limitations applicable to § 1983 actions is determined from looking at the

appropriate state statute of limitations and tolling principles.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).  The same two-year statute of limitations governs actions under 42 U.S.C. § 1985.  *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).  "A *Bivens* action is subject to the same statute of limitations as a 42 U.S.C. § 1983 suit."  *Roberts v. Barreras*, 109 F. App'x 224, n.1 (10th Cir. 2004) (citation omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action."  *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff signed his Complaint on June 15, 2023, and the alleged violations occurred in March 2019.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more

than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

### 2. Immunity

Plaintiff names the psychologist conducting his competency exam and her employer as the sole defendants. Plaintiff has not suggested that the psychologist was acting in any capacity other than pursuant to a court order. *See* Doc. 1–2, at 1 (March 8, 2019 Competency Evaluation stating that Plaintiff was "referred to Bert Nash Community Mental Health Center for a competency evaluation, as ordered by the Honorable Paula Martin of the Douglas County District Court"); *State v. Neill*, Case No. 2019-CR-171 (Douglas County District Court) (docket reflects a competency evaluation was ordered by the judge on March 1, 2019).

The Court finds that defendants are entitled to quasi-judicial immunity. "Officials with roles . . . to whom absolute 'quasi-judicial' immunity has been extended include: a court-appointed psychiatrist who interviewed a criminal defendant to assist the judge in assessing competency . . .." *Martinez v. Roth*, 1995 WL 261127, at *3 (10th Cir. 1995) (unpublished) (citing *Schinner v. Strathmann*, 711 F. Supp. 1143 (D.D.C. 1989)); *see also Creamer v. Ort*, 2012 WL 1144816, at *2 (D. Colo. 2012) (stating that "it is clear that Defendant's actions in exercising her judgment with respect to Ms. Creamer's competency are protected by absolute quasi-judicial immunity") (citing *Hughes v. Long,* 242 F.3d 121, 126 (3d Cir.2001) (holding that child welfare workers are entitled to "judicial immunity because they acted as 'arms of the court,' similar to a guardian ad litem or a court-appointed doctor or psychologist, a non-judicial

person who fulfills a quasi-judicial role at the court's request.") and *Bartlett v. Weimer,* 268 F.2d 860, 862 (7th Cir. 1959) (affirming dismissal on absolute immunity grounds of § 1983 claim against court-appointed doctor who examined mental health of plaintiff and reported findings to the court)).

### 3. Negligence

Plaintiff's Complaint is titled a "Complaint for a Civil Case Alleging Negligence." (Doc. 1, at 1.)   He claims that the Defendants were negligent in conducting his competency evaluation.   Negligence is a state law claim and does not supply grounds for a constitutional cause of action.   Plaintiff has failed to show that this Court has jurisdiction over his negligence claim.

Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a).

Plaintiff does not invoke either basis for original jurisdiction in this court.  Plaintiff only asserts state law claims for negligence.  It is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of

action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff has failed to allege a federal claim. *See* 28 U.S.C. § 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation).

### 4. Habeas Nature of Claim and Heck Bar

Plaintiff alleges that his competency evaluation in his state criminal case affected his ability to present evidence in his subsequent federal criminal case. As Plaintiff has been advised by this Court in his prior cases, to the extent Plaintiff challenges the validity of his sentence in his federal criminal case, his federal claim must be presented in habeas corpus. When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994). "Though *Heck* dealt with only § 1983 actions, the doctrine has since been expanded . . . [and] now applies to both state and federal officials, meaning it applies both to § 1983 claims and to *Bivens* claims." *Coleman v. United States Dist. Court of New Mexico*, 678 F. App'x 751, 754 (10th Cir. 2017) (unpublished) (citing *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). "And it applies regardless of whether a plaintiff seeks damages or declaratory or injunctive relief." *Id*. (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005)); *see also Willaman v. Ferentino*, 173 F. App'x 942, 943 (3rd Cir. 2006) ("Declaratory relief is not available to attack a criminal conviction.") (citations omitted).

Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been

overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff has not alleged that his federal conviction or sentence has been invalidated. *See United States v. Neill*, Case No. 22-cr-40037-HLT (D. Kan.). Plaintiff was found guilty of Threatening a Federal Official, a Class C Felony. *Id*. at Doc. 169 (Judgment in a Criminal Case). On May 23, 2023, Plaintiff was sentenced to a 46-month term of imprisonment. *Id*. On May 26, 2023, Plaintiff filed a Notice of Appeal. *Id*. at 177. On May 30, 2023, his appeal was docketed in the Tenth Circuit Court of Appeals and remains pending. *See United States v. Neill*, Case No. 23-3096 (10th Cir.).

## IV. Motion for Relief

Plaintiff has filed a Motion for Relief (Doc. 4), setting forth First Amendment arguments regarding his religious beliefs. Plaintiff asks the Court to construe his pleadings liberally and to serve the defendants because Plaintiff is unable to serve them. The Court already construes pro se filings liberally and holds them to a less stringent standard than formal pleadings drafted by

lawyers. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, Court does not act as a pro se litigant's advocate by constructing arguments or searching the record for support. *Id.* To the extent Plaintiff requests the Court to serve defendants, the Court notes that this case is subject to dismissal, it has not passed screening, and any request regarding service is premature.

Plaintiff also seeks his release to enable him to better pursue his litigation. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (emphasis added). As noted above, when the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding. *Heck*, 512 U.S. at 482.

Plaintiff indicates that he is filing the motion in all of his cases, that it is not tailored specifically for each case, and that the Court should be considerate and protect Plaintiff's religious exercise. For the reasons set forth above, Plaintiff's motion is denied.

## V.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 1, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated July 7, 2023, in Kansas City, Kansas.**

<u>**S/  Julie A. Robinson**</u>
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**