## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHASE NEILL,**

      **Plaintiff,**

      **v.**                                                                  **CASE NO.  23-3149-JAR**

**SARAH GODINEZ, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se action as a "Complaint for a Civil Case Alleging Negligence." (Doc. 1, at 1.)  The Court granted Plaintiff leave to proceed in forma pauperis.  At the time of filing Plaintiff was in custody at USP-Leavenworth in Leavenworth, Kansas.  Plaintiff has since been transferred to FCI-El Reno in El Reno, Oklahoma.   On July 7, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until August 1, 2023, in which to show good cause why his Complaint should not be dismissed.  On August 3, 2023, the MOSC was remailed to Plaintiff at FCI-El Reno.

Plaintiff alleges that on March 8, 2019, the defendants were negligent in performing Plaintiff's competency examination in Douglas County Case No. 2019-CR-171.  (Doc. 1, at 5.) Plaintiff claims that the "negligently-conducted-and-reported competency examination" undermined his ability to present evidence in his federal Case No. 2022-CR-40037, and resulted in his unjust and unconstitutional conviction.  *Id*. at 9.  Plaintiff states that "for statute of limitations purposes, the discovery of the effect of the negligence tolls from 17–19 January 2023."  *Id*. Plaintiff signed his Complaint on June 15, 2023. *Id*. at 12.  Plaintiff names as defendants: Sarah Godinez, Psychologist; and the Bert Nash Community Mental Health Center.

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff signed his Complaint on June 15, 2023, and the alleged violations occurred in March 2019.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

Plaintiff names the psychologist conducting his competency exam and her employer as the sole defendants.  The Court found in the MOSC that defendants are entitled to quasi-judicial immunity.  "Officials with roles . . . to whom absolute 'quasi-judicial' immunity has been extended include:  a court-appointed psychiatrist who interviewed a criminal defendant to assist the judge in assessing competency . . .."  *Martinez v. Roth*, 1995 WL 261127, at *3 (10th Cir. 1995) (unpublished) (citing *Schinner v. Strathmann*, 711 F. Supp. 1143 (D.D.C. 1989)).  Plaintiff has not suggested that the psychologist was acting in any capacity other than pursuant to a court order. *See* Doc. 1–2, at 1 (March 8, 2019 Competency Evaluation stating that Plaintiff was "referred to Bert Nash Community Mental Health Center for a competency evaluation, as ordered by the Honorable Paula Martin of the Douglas County District Court"); *State v. Neill*, Case No. 2019-CR-171 (Douglas County District Court) (docket reflects a competency evaluation was ordered by the judge on March 1, 2019).

Plaintiff alleges that his competency evaluation in his state criminal case affected his ability to present evidence in his subsequent federal criminal case.  As Plaintiff has been advised by this

Court in his prior cases, to the extent Plaintiff challenges the validity of his sentence in his federal criminal case, his federal claim must be presented in habeas corpus.  Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff has not alleged that his federal conviction or sentence has been invalidated.

The Court also found that Plaintiff's negligence claim is a state law claim that does not supply grounds for a constitutional cause of action.  Plaintiff failed to show that this Court has jurisdiction over his negligence claim.

Plaintiff was required to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice."  (Doc. 6, at 9.)  Plaintiff has failed to respond by the deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 17, 2023, in Kansas City, Kansas.**

**S/ Julie A. Robinson**
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**